### EASTERN DISTRICT OF LOUISIANA

**JEREMY LEE WATSON-BUISSON**                    CIVIL ACTION

**VERSUS**                                        NO. 15-2361

**NATHAN BURL CAIN, II**                          SECTION "G"(3)

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).[1] For the following reasons, it is recommended that the instant petition for *habeas corpus* relief be **DISMISSED WITH PREJUDICE** as untimely.

**I.     *Procedural and Factual History***

The petitioner, Jeremy Lee Watson-Buisson, is incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana.[2] On May 20, 2010, Watson-Buisson was charged by bill of information with one count of computer aided solicitation of a minor, pursuant to La. Rev. Stat. 14:81.3.[3] According to the police report, investigators from the Louisiana Attorney

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, or that the claim relies on a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 1.

[3] State Rec., Vol. 1 of 2, Bill of Information, 5/20/10.

General's High Technology Crimes Unit conducted undercover operations in online chat rooms in February 2010.[4] The officers used a screen name, "stacy_tibs" to pose as a thirteen-year-old girl, and exchanged messages with a subject using the screen name "countjeremy." The subject sent lewd and lascivious messages during the exchange. The officers issued subpoenas to Yahoo! and T-Mobile to identify the subject, who had given them a phone number to contact him. The number was traced back to Watson-Buisson, whom the investigators met on March 23, 2010. At that time he was in the custody of Orleans Parish Prison on other charges, and the detectives spoke with him at the prison. He admitted that the screen name "countjeremy" belonged to him and that he had exchanged messages with "stacy_tibs."

On November 10, 2010, Watson-Buisson pleaded guilty to the charge.[5] On December 6, 2010, he was sentenced to five years at hard labor.[6] The State filed a multiple bill, and he pleaded guilty as a second offender.[7] The court then vacated his sentence and resentenced him to five years at hard labor.[8]

---

[4]State Rec., Vol. 1 of 2, Arrest Register, 3/23/10; Investigative Memorandum, 3/23/10.

[5]State Rec., Vol. 1 of 2, Transcript, 11/10/10; Minute Entry, 11/10/10; Guilty Plea Form, 11/10/10.

[6]State Rec., Vol. 1 of 2, Minute Entry, 12/6/10.

[7]*Id.*; State Rec., Vol. 1 of 2, Habitual Offender Plea Form, 12/6/10.

[8]*Id.*

On January 5, 2011, through hired counsel, Watson-Buisson filed a motion and order for appeal.[9]  Several months later, however, the defense filed a motion to dismiss the appeal.[10]

On December 5, 2012, Watson-Buisson executed a post-conviction relief application in the state district court.[11]  On April 7, 2014, the district court denied relief, finding that all of his claims but one were barred by La. Code Crim. Proc. art. 930.4(C), because he failed to raise them on direct appeal.[12]  The court found that the only remaining claim, asserting ineffective assistance of counsel, lacked merit.

Watson-Buisson applied to the Fourth Circuit for a writ, and on June 26, 2014, the appellate court vacated the trial court's judgment and remanded the matter for consideration on the merits.[13]  The Fourth Circuit also stated that the trial court "shall appoint counsel for the applicant."

On September 12, 2014, the trial court again denied relief on Watson-Buisson's claims.[14]  This time, the trial court held that the bulk of his claims were waived when he entered his guilty plea, and therefore the court would not consider them.  The court also found that his plea was entered knowingly, intelligently and voluntarily.  Finally, the court found that his claims regarding the constitutionality of the statute were not properly raised

---

[9]State Rec., Vol. 1 of 2, Motion and Order for Appeal, 1/5/11.

[10]State Rec., Vol. 1 of 2, Docketmaster Entry, 7/14/11.

[11]State Rec., Vol. 1 of 2, Post-Conviction Relief Application, 12/5/12.

[12]State Rec., Vol. 2 of 2, Dist. Ct. Judgment, 4/7/14.

[13]State Rec., Vol. 2 of 2, 4th Cir. Order, 2014-K-0572, 6/26/14.

[14]State Rec., Vol. 2 of 2, Dist. Ct. Judgment, 9/12/14.

Watson-Buisson again sought a writ from the Fourth Circuit, and again the Fourth Circuit granted it.[15]  The Fourth Circuit found that the district court had failed to comply with its previous order, as the court had not appointed counsel for Watson-Buisson.  It therefore remanded the matter again for the purposes of appointing counsel and conducting an evidentiary hearing on his claims.  The State then applied to the Louisiana Supreme Court, to seek review of the Fourth Circuit's order.  On May 15, 2015, the Louisiana Supreme Court granted the State's application and reinstated the trial court's ruling.[16]  The Supreme Court found that the trial court had not abused its discretion in denying relief without an evidentiary hearing.  The Supreme Court denied Watson-Buisson's application for a rehearing on August 28, 2015.[17]

## II.   *Federal Habeas Petition*

On June 23, 2015, Watson-Buisson filed the instant *habeas corpus* petition in this Court.[18]  In his petition, he asserts the following claims for relief: (1) insufficiency of the evidence as to his "reasonable belief" that the person he communicated with was a minor; (2)

---

[15]State Rec., Vol. 2 of 2, 4th Cir. Order, 2014-K-1193, 11/10/14.

[16]State Rec., Vol. 2 of 2, La. S. Ct. Order, 2014-KP-2533, 5/15/15.

[17]State Rec., Vol. 2 of 2, La. S. Ct. Order, 2014-KP-2533, 8/28/15.

[18]Rec. Doc. No. 1. The United States Court of appeals for the Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including *habeas corpus* petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  Watson-Buisson's petition was filed by the clerk of this Court on June 26, 2015.  However, Watson-Buisson's signature on the petition is dated June 23, 2015, which is the earliest date appearing in the record on which he could have presented his pleadings to prison officials for mailing to this Court.

insufficiency of the evidence in regards to jurisdiction in Orleans Parish; (3) evidence was obtained by illegal search and seizure; (4) invalid confession; (5) *Brady* violation; (6) defective bill of information; (7) prosecutorial misconduct; (8) inconsistent testimony by a witness; (9) trial court lacked jurisdiction; (10) ineffective assistance of counsel; (11) guilty plea not voluntary or intelligent; (12) statute charged is unconstitutional because it compels a defendant to act as a witness against himself; (13) statute charged is unconstitutional because it allows for state actors to engage in unreasonable searches and seizures; and (14) statute charged is unconstitutional because it denies a defendant his due process right to defend himself.

The State filed a response asserting that Watson-Buisson is untimely in bringing his petition.[19]  The State also argues that each of the claims is either 1) not cognizable on *habeas* review; 2) has been waived; or 3) procedurally defaulted.

### III.    *Statute of Limitations*

The threshold questions in *habeas* review under the AEDPA are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

As mentioned above, the State argues that Watson-Buisson's petition is untimely.  For the following reasons, this Court finds the State to be correct.

---

[19]Rec Doc. No. 11.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his *habeas corpus* claims pursuant to 28 U.S.C. § 2254, with this one-year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of the time for seeking review. *See* 28 U.S.C. § 2244(d)(1)(A), as amended by the AEDPA, P.L. 104–132, 110 Stat. 1220.

Thus, this Court must determine when Watson-Buisson's conviction became final for purposes of determining the commencement of the federal one year limitations period. As mentioned above, Watson-Buisson pled guilty and was sentenced as a second offender on December 6, 2010. He filed a motion and order for appeal on January 5, 2011. However, he then filed a motion to dismiss his own appeal on July 14, 2011.[20]

Section 2244(d)(1) provides that a decision becomes final "by the conclusion of direct review or the expiration of time for seeking such review." *See also Jimenez v. Quarterman*, 555 U.S. 113 (2009) (state conviction becomes final under AEDPA when there is no further "availability of direct appeal to the state courts.") While federal, rather than state law, determines finality of judgments for federal *habeas* purposes, a necessary underlying part of the inquiry is to determine whether the petitioner is still able to seek further direct review in the state courts. *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008); *Foreman v. Dretke*, 383 F.3d 336, 338–39 (5th Cir. 2004); *see also Falkins v. Rader*, No. CIV.A. 13-3041, 2013 WL 5532620, at *4 (E.D. La. Oct. 4, 2013). This Court therefore looks to state law to determine how long a prison has to file a direct appeal. *Butler*, 533 F.3d at 317; *Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2006); *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003).

---

[20]State Rec., Vol. 1 of 2, Docketmaster Entry, 7/14/11.

Under Louisiana Supreme Court Rule X, § 5(a):

> [A]n application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs . . ., or after a denial of an application, *shall be made within thirty days* of the mailing of the notice of the original judgment of the court of appeal . . . .

La. Sup. Ct. Rule X, § 5(a) (emphasis added). Louisiana law does not specifically address whether a judgment can be reviewed when it was the result of a voluntary dismissal of an appeal. However, in *State v. Perkins*, 988 So.2d 793, 799 (La. App. 4th Cir. 2008), the Fourth Circuit Court stated, "The [Louisiana] Supreme Court [in City of Shreveport v. Jones, 172 La. 833, 135 So. 373, 374 (La. 1931)] noted that 'the dismissal of an appeal in a criminal case has all the effect of an affirmance of the conviction and sentence.'" Under the Louisiana Supreme Court Rules, in the event that Watson-Buisson's conviction had been affirmed, he would have had thirty days to seek review from the state's highest court. La. Sup. Ct. Rule X, § 5(a); *see also Falkins*, 2013 WL 5532620, at *4. In an abundance of caution, this Court finds that Watson-Buisson's conviction became final, for federal limitations purposes, thirty days after he voluntarily dismissed his appeal. Watson-Buisson filed his motion to voluntarily dismiss his appeal on July 14, 2011, thus his conviction would be deemed final for federal limitations purposes thirty days later on August 13, 2011. However, August 13, 2011, fell on a Saturday, and therefore was a legal holiday not to be counted as the final day of the period; thus, Watson-Buisson's conviction became final on Monday, August 15, 2011. *See* La. Code Civ. Proc. art. 5059; La. Rev. Stat. § 1:55.

Watson-Buisson then had one year–until August 15, 2012–to file his federal *habeas corpus* petition. Watson-Buisson did not file his federal *habeas corpus* petition with this court

until nearly three years later, on June 23, 2015.[21]  Thus, his claims must be dismissed as untimely, unless the one-year statute of limitations period was statutorily tolled as a result of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim."  28 U.S.C. § 2244(d)(2).

Watson-Buisson filed a post-conviction application with the state district court on December 5, 2012.[22]  At that time, the one-year limitations period had already lapsed. Therefore, his state post-conviction application failed to toll the limitations period.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  As a result, his federal *habeas corpus* petition is untimely.

### IV.    *Equitable Tolling*

The inquiry, however, does not end there.  The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  But, "a petitioner is entitled to equitable tolling *only* if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Id.* at 649 (emphasis added; internal quotation marks omitted); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances").  Petitioner bears the burden of proof to establish entitlement to equitable tolling.  *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

---

[21]Rec. Doc. No. 1.

[22]State Rec., Vol. 1 of 2, Post-Conviction Relief Application, 12/5/12.

Here, Watson-Buisson has set forth no specific argument regarding equitable tolling. In his objection to the State's response, Watson-Buisson relies on a few paragraphs in his memorandum that accompanied his original petition to argue that he asserted equitable tolling, by illustrating due diligence in his attempts to obtain documents relevant in this matter. He also argues that his assertion of "actual innocence" is relevant to equitable tolling. That claim will be considered below. However, while he sets forth a barebones allegation that he has been pursuing his rights diligently, he has not in fact shown–nor alleged–that any "extraordinary circumstance" stood in his way and prevented the timely filing of his federal *habeas corpus* petition. This Court's review of the record illustrates no such impediment. Therefore, Watson-Buisson is not entitled to equitable tolling herein.

## V.     *Actual Innocence and Miscarriage of Justice*

The Supreme Court has recently held, that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). However, the Supreme Court further cautioned that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Here, Watson-Buisson entered an unconditional guilty plea, which means he has already conceded under oath that he in fact committed and was guilty of the crime charged. In addition, it is by no means clear that *McQuiggin* applies at

all in the context of a guilty plea,[23] but assuming *arguendo* that it does, Watson-Buisson has certainly not made a colorable showing that he is actually innocent in light of "new evidence."

Indeed, it seems that in Watson-Buisson's claim of actual innocence he essentially asserts that because he did not reasonably believe (and no person in his position could have reasonably believed) that the person he communicated with online was a minor, no reasonable juror could find him guilty of the crime.  This argument is untenable.  The record reflects that he admitted to investigators that he had communicated with someone he believed to be a minor online.[24]  Indeed he even signed a photograph of himself stating, "This is the picture that I transmitted to stacy_tibs who stated she was 13 years old."[25]  Watson-Buisson apparently relies on the line in the interview report that says "Watson knew that she, "stacy tibs", said that she was 13, but didn't know if she was lying or not."[26]  However, in light of his acknowledgment of their conversations and that she had stated her age as thirteen, as well as his subsequent guilty plea to the crime, this Court cannot find that Watson-Buisson has illustrated that no reasonable juror could find him guilty of the crime of computer aided solicitation of a minor.

---

[23]Some district courts have held that *McQuiggin*'s actual innocence exception does not apply where the petitioner pleaded guilty.  *See, e.g., Jackson v. United States*, No. 13–CV–818, 2013 WL 5295701, at *3 (E.D. Wis. Sept. 18, 2013); *Sidener v. United States*, No. 11–CV–3085, 2013 WL 4041375, at *3 (C.D. Ill. Aug. 8, 2013).  *But see Green v. Williams*, No. 3:11–CV–00455, 2013 WL 4458971 (D. Nev. Aug. 16, 2013).

[24]State Rec., Vol. 1 of 2, Investigative Memorandum, 3/23/10.

[25]State Rec., Vol. 1 of 2, Signed Photograph, 3/23/10.

[26]State Rec., Vol. 1 of 2, Interview Report, 3/23/10.

Because Watson-Buisson is not entitled to statutory tolling, and because he has not established that he is eligible for equitable tolling or that the *McQuiggin* "actual innocence" exception applies, his federal application for *habeas corpus* relief had to be filed no later than August 15, 2012, in order to be timely.  His federal application was not filed until June 23, 2015, and therefore it is untimely.

## RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Jeremy Lee Watson-Buisson be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[27]

New Orleans, Louisiana, this  4th  day of   November   , 2015.

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE

---

[27]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

11

12