UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEREMY LEE WATSON-BUISSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-2361** |
| **NATHAN BURL CAIN, II** | **SECTION: "G" (3)** |

**ORDER AND REASONS**

Before the Court are Petitioner Jeremy Lee Watson-Buisson's ("Petitioner") objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Petitioner, a state prisoner incarcerated in the Avoyelles Correctional Center in Cottonport, Louisiana, filed a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, asserting numerous claims for relief.[2] The Magistrate Judge recommended that the matter be dismissed with prejudice as time-barred.[3] Petitioner objects to the Magistrate's recommendation, arguing he is entitled to equitable tolling or that the statute of limitations should not apply because of his actual innocence.[4] After reviewing the petition, the Magistrate Judge's Report and Recommendation, the objections, the record, and the applicable law, the Court will overrule Petitioner's objections, adopt the Magistrate Judge's recommendation, and dismiss this action with prejudice.

---

[1] Rec. Doc. 17.

[2] Rec. Doc. 1.

[3] Rec. Doc. 15.

[4] Rec. Doc. 17 at 3–7.

1

**I. Background**

*A.    Factual Background*

On May 20, 2010, the State charged Petitioner by bill of information in Orleans Parish Criminal District Court with one count of computer aided solicitation of a minor.[5] On November 10, 2010, Petitioner pleaded guilty to the charge.[6] On December 6, 2010, he was sentenced to five years imprisonment at hard labor.[7] The State then filed a multiple offender bill, and Petitioner pleaded guilty as a multiple offender.[8] The trial court then vacated Petitioner's sentence and resentenced him to five years imprisonment at hard labor.[9]

Petitioner timely filed a motion for appeal on January 5, 2011.[10] However, on July 14, 2011, Petitioner filed a motion to dismiss the appeal.[11] On December 5, 2012, Petitioner filed an application for post-conviction relief in the state trial court.[12] The trial court denied relief, finding that all but one of Petitioner's claims were barred by Louisiana Code of Criminal Procedure article 930.4(C) because he failed to raise them on direct appeal.[13] The trial court found that the remaining claim, ineffective assistance of counsel, lacked merit.[14] Petitioner filed a writ application with the

---

[5] State Rec., Vol. I of II, Bill of Information, May 20, 2010.

[6] State Rec., Vol. I of II, Guilty Plea Form, Nov. 10, 2010.

[7] State Rec., Vol. I of II, Minute Entry, Dec. 6, 2010.

[8] State Rec., Vol. I of II, Habitual Offender Plea Form, Dec. 6, 2010.

[9] *Id.*

[10] State Rec., Vol. I of II, Motion and Order for Appeal, Jan. 5, 2011.

[11] State Rec., Vol. I of II, Docket Master Entry, July 14, 2011.

[12] State Rec., Vol. I of II, Post-Conviction Relief Application, Dec. 5, 2012.

[13] State Rec., Vol. II of II, District Court Judgment, Apr. 7, 2014.

[14] *Id.*

Louisiana Fourth Circuit Court of Appeal, and on July 26, 2014, the appellate court vacated the trial court's judgment and remanded the matter for consideration on the merits.[15]

On September 12, 2014, the trial court again denied relief on Petitioner's claims, finding that the bulk of his claims were waived when he entered his guilty plea, that his challenges to the constitutionality of Louisiana Revised Statutes § 14:81.3 were not properly raised, and that his remaining claims were meritless.[16] On September 12, 2014, Petitioner filed a new writ application, which the Louisiana Fourth Circuit granted on November 10, 2014.[17] The Louisiana Fourth Circuit instructed the trial court to appoint counsel and conduct an evidentiary hearing on the claims.[18] The State then applied to the Louisiana Supreme Court, seeking review of the Fourth Circuit's Order. On May 15, 2015, the Louisiana Supreme Court granted the State's application and reinstated the trial court's ruling, finding that the trial court had not abused its discretion in denying relief without an evidentiary hearing.[19] The Louisiana Supreme Court denied Petitioner's application for rehearing on August 28, 2015.[20]

---

[15] State Rec., Vol II of II, 4th Cir. Order, 2014-K-0572, Jun. 26, 2014.

[16] State Rec., Vol. II of II, District Court Judgment, Sept. 12, 2014.

[17] State Rec., Vol II of II, Writ Action 2014-K-1193, Nov. 10, 2014.

[18] *Id.*

[19] State Rec., Vol. II of II, Louisiana Supreme Court Order, 2014-KP-2533, May 15, 2015.

[20] State Rec., Vol. II of II, Louisiana Supreme Court Order, 2014-KP-2533, Aug. 28, 2015.

Petitioner filed his federal habeas petition on June 23, 2015, asserting fourteen claims for relief.[21] The State filed a response on September 15, 2015, asserting, *inter alia*, that the petition is untimely.[22] Petitioner filed a reply brief on September 30, 2015.[23]

### B.   *Report and Recommendation Findings*

On November 4, 2015, the Magistrate Judge recommended that the petition be dismissed with prejudice as time-barred.[24] The Magistrate Judge found that Petitioner failed to file his petition within the time limitations period set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for the filing of *habeas corpus* applications after the underlying judgment becomes final.[25] The Magistrate Judge found that Petitioner's conviction became final on August 15, 2011, thirty days after Petitioner voluntarily dismissed his own appeal.[26]

The Magistrate noted that Petitioner did not file his post-conviction relief application with the trial court until December 5, 2012, after the federal limitations period had expired.[27] Accordingly, the Magistrate Judge determined that Petitioner was not entitled to

---

[21] Rec. Doc. 1. The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert denied*, 529 U.S. 1057 (2000). The petition was filed by the Clerk of this Court on June 26, 2015. However, Petitioner's signature on the petition is dated June 23, 2015.

[22] Rec. Doc. 11 at 5–11.

[23] Rec. Doc. 12.

[24] Rec. Doc. 15.

[25] *Id.* at 6.

[26] *Id.* at 7.

[27] *Id.* at 8.

statutory tolling.[28] The Magistrate also determined that Petitioner was not entitled to equitable tolling.[29] The Magistrate Judge noted that Petitioner failed to set forth specific arguments demonstrating his entitlement to equitable tolling and brought forth no evidence demonstrating that any "extraordinary circumstance" prevented him from timely filing his federal *habeas corpus* petition.[30]

Finally, the Magistrate Judge considered whether Petitioner could overcome the AEDPA's statute of limitations by making a showing of "actual innocence."[31] The Magistrate found that Petitioner "conceded under oath that he in fact committed and was guilty of the crime charged" by entering an unconditional guilty plea.[32] The Magistrate noted that some district courts have held that the actual innocence exception does not apply where the petitioner pleaded guilty, but even assuming that it does apply, the Magistrate Judge determined that Petitioner did not make "a colorable showing that he is actually innocent in light of 'new evidence.'"[33]

## II. Objections

### A.     *Petitioner's Objections*

Petitioner timely filed his objections to the Magistrate Judge's Report and Recommendation.[34] First, Petitioner contends that the AEDPA's statute of limitations is

---

[28] *Id.*

[29] *Id.* at 9.

[30] *Id.*

[31] *Id.* (citing *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013)).

[32] *Id.*

[33] *Id.* at 10.

[34] Rec. Doc. 17.

unconstitutional.[35] Specifically, Petitioner argues that the statute of limitations violates the Constitution by suspending the privilege of the writ of habeas corpus.[36]

Second, Petitioner contends that 28 U.S.C. § 2244(d)(1)(D), which provides that the AEDPA limitations period begins to run from the time that the factual predicate to a claim could be discovered, should apply to his case.[37] Petitioner argues that he could not bring his claim regarding the IP address of the High Technology Crimes Unit ("HTCU") until the Louisiana Third Circuit Court of Appeal issued *State v. Daigle* on May 2, 2012, because it was the first Louisiana case dealing with IP addresses.[38] Additionally, Petitioner argues that he could not bring several of his claims until June 15, 2012, when he received the state court record "and learned of its unconstitutional deficiencies."[39] Petitioner also argues that he is entitled to equitable tolling

Third, Petitioner objects to the Magistrate Judge's finding that his actual innocence claim is untenable.[40] Petitioner asserts that his actual innocence claim should not be waived by his guilty plea.[41] Specifically, Petitioner argues that the HTCU's interrogation of him was unconstitutional.[42] Finally, Petitioner reargues the merits of his case, arguing that the Magistrate Judge erred in failing to address the merits of his claims.[43]

---

[35] *Id.* at 2.

[36] *Id.*

[37] *Id.*

[38] *Id.* at 3 (citing *State v. Daigle*, 11-1209 (La. App. 3 Cir. 5/2/12); 93 So. 3d 657).

[39] *Id.* at 4.

[40] *Id.* at 5.

[41] *Id.* at 6.

[42] *Id.* at 7.

[43] *Id.* at 7–12.

*B. State's Objections*

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving electronic notice of the filing.[44]

### III. Standard of Review

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter.[45] A district judge must "determine de novo any part of the [Report and Recommendation] that has been properly objected to."[46] A district court's review is limited to plain error of parts of the report which are not properly objected to.[47]

### IV. Law and Analysis

*A.     AEDPA Statute of Limitations*

The AEDPA establishes a one-year statute of limitations for the filing of *habeas corpus* applications.[48] The statute of limitations provision of the AEDPA provides that the limitation shall run from the latest of:

> A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[44] Rec. Doc. 17.

[45] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[46] *Id.*

[47] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc) (a district court's review is limited to plain error of parts of the report which are not properly objected to); *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[48] 28 U.S.C. § 2244(d)(1).

7

> C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[49]

The Magistrate Judge found the limitation period established by Subsection A applicable here.[50] Petitioner objects, asserting that Subsection D should apply.[51] Accordingly, the Court will assess the timeliness of the petition under both subsections.

As a threshold matter, Petitioner also argues that the statute of limitations violates the Constitution by suspending the privilege of the writ of habeas corpus. The Supreme Court has applied the AEDPA statute of limitations on numerous occasions since its inception in 1996. Moreover, in *McQuiggin v. Perkins*, the Supreme Court recognized that the statute of limitations will not bar an untimely claim where the petitioner can establish that he is actually innocent of the crime.[52] Therefore, the AEDPA statute of limitations does not bar a habeas petition where doing so would result in a miscarriage of justice.[53] Accordingly, the Court finds Petitioner's argument regarding the constitutionality of the statute of limitations unavailing.

## B. *Timeliness Under Subsection A*

Applying Subsection A, the United States Fifth Circuit Court of Appeal has explained,

> When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for

---

[49] *Id.*

[50] Rec. Doc. 15 at 6–8.

[51] Rec. Doc. 17 at 3–4.

[52] 133 S. Ct. 1924, 1928 (2013).

[53] *Id.* at 1932.

writ of certiorari with the United States Supreme Court. However, "[i]f the defendant stops the appeal process before that point," . . . "the conviction becomes final when the time for seeking further direct review in the state court expires."

Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. Louisiana Supreme Court Rule X, § 5(a) states that an application "to review a judgment of the court of appeal either after an appeal to that court . . . or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal."[54]

The Magistrate Judge found that Petitioner's judgment became final on August 15, 2011, thirty days after Petitioner dismissed his direct appeal, when the time limitation for seeking review by the Louisiana Supreme Court expired.[55] Petitioner did not object to this finding.[56] Reviewing for plain error, and finding none, the Court adopts the Magistrate's finding that Petitioner's conviction became final on August 15, 2011, and, therefore, Petitioner had until August 15, 2012, to file his habeas petition under Subsection A unless that deadline was extended through tolling.

### 1.    Statutory Tolling

The AEDPA expressly provides statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[57] "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually

---

[54] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (citations omitted).

[55] Rec. Doc. 15 at 7.

[56] Rec. Doc. 16.

[57] 28 U.S.C. § 2244(d)(2).

prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."[58]

Petitioner filed a post-conviction application with the state trial court on December 5, 2012. At that time, the one-year federal limitations period had already lapsed. Therefore, the Magistrate determined that Petitioner's state post-conviction application failed to toll the limitations period.[59] Petitioner does not object to this finding.[60] Reviewing for plain error, and finding none, the Court adopts the Magistrate's finding that Petitioner is not entitled to statutory tolling.

### 2. Equitable Tolling

The United States Supreme Court has expressly held that the AEDPA's limitation period is subject to equitable tolling.[61] However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[62] A petitioner bears the burden of proof to establish entitlement to equitable tolling and "must demonstrate rare and exceptional circumstances warranting application of the doctrine."[63]

Petitioner does not object to the Magistrate Judge's finding that he is not entitled to equitable tolling.[64] Petitioner has set forth no specific argument regarding equitable tolling. While

---

[58] *Artuz v. Bennett,* 531 U.S. 4, 8 (2000) (internal citations omitted).

[59] Rec. Doc. 15 at 8 (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)).

[60] Rec. Doc. 17.

[61] *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).

[62] *Id*. at 2562 (internal quotation marks omitted).

[63] *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). The Fifth Circuit noted, "[t]he doctrine will not be applied where the applicant failed to diligently pursue *habeas corpus* relief under § 2244, and ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Id.* (internal quotation marks omitted).

[64] Rec. Doc. 17. In his objections, Petitioner argues that he is "entitled to equitable tolling of the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1)(D), where the one-year limitation period begins to run from the time

10

Petitioner sets forth an allegation that he has been pursuing his rights diligently, he has not alleged that any "extraordinary circumstance" stood in his way and prevented the timely filing of his federal habeas corpus petition. This Court's review of the record illustrates no such impediment. Accordingly, reviewing for plain error, and finding none, the Court adopts the Magistrate's finding that Petitioner is not entitled to equitable tolling.

C.     *Timeliness Under Subsection D*

Petitioner contends that 28 U.S.C. § 2244(d)(1)(D) should govern the beginning of the one-year statute of limitations period for his filing a federal *habeas* petition, delaying the commencement of the statute of limitations until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[65] Petitioner contends that he could not discover the "factual predicate" of several of his claims until May 2, 2012, when the Louisiana Third Circuit Court of Appeal's decided *State v. Daigle*, or June 15, 2012, when he received a copy of the state court record.[66]

In *State v. Daigle*, the Louisiana Third Circuit held that the defendant's reasonable expectation of privacy was not violated when a detective applying for a search warrant used software available only to law enforcement to identify the defendant's internet protocol ("IP") address as having secure hash algorithm values that could be associated with child pornography.[67]

---

that the factual predicate of a claim could be discovered." *Id.* at 2. However, although Petitioner calls this claim "equitable tolling," he is arguing for the application of Subsection D of the AEDPA statute of limitations, not that a rare and extraordinary circumstance prevented him from filing. Accordingly, the Court discusses these arguments under Subsection D below.

[65] 28 U.S.C. § 2244(d)(1)(D); Rec. Doc. 17 at 2.

[66] Rec. Doc. 17 at 3–4.

[67] *State v. Daigle*, 11–1209 (La. App. 3 Cir. 5/2/12); 93 So. 3d 657.

11

Petitioner argues that he could not bring his claim regarding the IP address of the HTCU until after *Daigle* was decided because it was the first Louisiana case dealing with IP addresses. Even if *Daigle* created some change in the law, as Petitioner argues, it would not be a *factual* predicate for Petitioner's claim. Numerous federal courts have found that "a state-court decision establishing an abstract proposition of law arguably helpful to the petitioner's claim does not constitute the 'factual predicate' for that claim."[68] Therefore, the Court finds that the *Daigle* decision was not a factual predicate for Petitioner's claims, and did not trigger the running of a new limitations period under Subsection (D).

Similarly, the date on which Petitioner received a copy of his state court record does not serve as the date Petitioner could have discovered his claim "through the exercise of due diligence."[69] Petitioner asserts that he did not receive his state court record until June 15, 2012.[70] However, Louisiana law clearly establishes that "a criminal defendant cannot be denied access to his criminal files after his conviction becomes final."[71] Therefore, Petitioner could have received his state court record no later than August 15, 2011, the date his conviction became final. Petitioner did not file his state application for post-conviction relief until December 5, 2012, more than fifteen

---

[68] *Shannon v. Newland*, 410 F.3d 1083, 1089 (9th Cir. 2005), *cert. denied*, 126 S.Ct. 1333 (2006). *See also Berry v. Cain*, No. 06-6749, 2008 WL 859250, at *2 (E.D. La. Mar. 28, 2008) (quoting *Lo v. Endicott,* No. 04-0133, 2005 WL 2491465, at *1 (E.D. Wis. Oct. 6, 2005). ("If a state court clarifies or changes state law in a case in which the federal habeas petitioner was not a party, and that subsequent legal determination is deemed a 'factual predicate,' then 'factual' would be meaningless."); *Haish v. LeBlanc*, No. 05-2727, 2006 WL 3692752, at *2 (E.D. La. Dec. 11, 2006) ("While the *Dilosa* decision may be the *legal* predicate for petitioner's claim, that is irrelevant. Subsection (D) refers only to a *factual* predicate for a claim, and the *Dilosa* decision clearly is not a *factual* predicate.").

[69] 28 U.S.C. § 2244(d)(1)(D).

[70] Rec. Doc. 17 at 4.

[71] *Wallace v. Ware*, 657 So.2d 734, 737 (La. App. 1st Cir. 1995) (citing *Lemmon v. Connick*, 590 So.2d 574, 575 (La.1991); La. Rev. Stat. § 44:3(A)(1)).

months after his conviction became final. Accordingly, on de novo review the Court finds that Petitioner's federal habeas petition is untimely under Subsection D.

## D. *Actual Innocence*

A petitioner can overcome the one-year statute of limitations imposed by the AEDPA if he can establish "actual innocence." In *McQuiggin v. Perkins*, the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations."[72] The Court allows this exception to prevent a "fundamental miscarriage of justice."[73] However, the Court cautions that "tenable actual innocence gateways are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"[74]

Petitioner objects to the Magistrate Judge's finding that he has not established his actual innocence.[75] Accordingly, the Court will review that finding de novo.[76] Petitioner pled guilty to computer aided solicitation of a minor. Petitioner asserts that his actual innocence claim should not be waived by his guilty plea.[77] Specifically, Petitioner argues that the HTCU's interrogation of him was unconstitutional.[78] Petitioner asserts that because he did not reasonably believe that the person he communicated with online was a minor, no reasonable juror could find him guilty of the

---

[72] 133 S. Ct. at 1928.

[73] *Id.* at 1926.

[74] *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

[75] Rec. Doc. 17 at 5–7.

[76] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[77] Rec. Doc. 17 at 6.

[78] *Id.* at 7.

crime. However, the record reflects that Petitioner admitted to investigators that he had communicated with someone he believed to be a minor online.[79] In light of Petitioner's acknowledgement of his conversation with an individual who stated that she was thirteen years old, Petitioner has not demonstrated that no reasonable juror could find him guilty of the crime of computer aided solicitation of a minor.

Petitioner does not present any new evidence to support his assertion that he was innocent of this crime. Petitioner knowingly, intelligently, and voluntarily entered a guilty plea.[80] Thereby, Petitioner already conceded under oath that he in fact committed and was guilty of the crime charged. Even assuming "that *McQuiggin* applies of a guilty plea,"[81] Petitioner has not made a colorable showing that he is actually innocent in light of "new evidence."[82] Accordingly, on de novo review, the Court finds that Petitioner has not shown that the *McQuiggin* "actual innocence" exception should apply.

---

[79] State Rec., Vol. I of II, Investigative Memorandum, March 23, 2010.

[80] State Rec., Vol. I of II, Guilty Plea Form, November 10, 2010.

[81] Rec. Doc. 15 at 9–10; *see also Kennedy v. Tanner*, No. 14-655, 2015 WL 1758022, at *4 (E.D. La. Apr. 17, 2015) ("By entering his unconditional pleas, petitioner has already conceded under oath that he in fact committed and was guilty of the crimes of which he stands convicted. Moreover, even if *McQuiggin* applies in the context of a guilty plea, a point which is by no means clear, petitioner does not invoke *McQuiggin* and, in any event, he has not alleged, much less shown, that he is actually innocent in light of 'new evidence.'"); *Cantu v. Stephens*, 5:13 CV-919, 2014 WL 4274309, at *5 (W.D. Tex. Aug. 28, 2014) ("[petitioner's] guilty plea waives his allegation that he is 'actually innocent.'").

[82] Rec. Doc. 15 at 9–10; *see also Kennedy v. Tanner*, No. 14-655, 2015 WL 1758022, at *4 (E.D. La. Apr. 17, 2015) ("By entering his unconditional pleas, petitioner has already conceded under oath that he in fact committed and was guilty of the crimes of which he stands convicted. Moreover, even if *McQuiggin* applies in the context of a guilty plea, a point which is by no means clear, petitioner does not invoke *McQuiggin* and, in any event, he has not alleged, much less shown, that he is actually innocent in light of 'new evidence.'"); *Cantu v. Stephens*, 5:13 CV-919, 2014 WL 4274309, at *5 (W.D. Tex. Aug. 28, 2014) ("[petitioner's] guilty plea waives his allegation that he is 'actually innocent.'").

## V. Conclusion

For the reasons stated above, the Court finds that the petition is time-barred. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Jeremey Lee Watson-Buisson's petition for issuance for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this __1st__ day of September, 2016.

*[Signature]*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**