UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JEREMY LEE WATSON-BUISSON**  **CIVIL ACTION**

**VERSUS**  **NO. 15-2361**

**NATHAN BURL CAIN, II**  **SECTION: "G" (3)**

## ORDER AND REASONS

Before the Court is Petitioner Jeremy Lee Watson-Buisson's ("Petitioner") Motion for Relief from Judgment Pursuant to Rule 60(b).[1] Petitioner seeks relief from the Court's September 1, 2016 Judgment dismissing his petition for federal habeas corpus relief as time barred.[2]

Federal Rule of Civil Procedure 60 regulates the procedures by which a party may obtain relief from a final judgment. Rule 60(b) provides that a court "may relieve a party from a final judgment, order, or proceeding" for any of the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;
(2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by any opposing party;
(4) The judgment is void;
(5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) Any other reason that justifies relief.[3]

---

[1] Rec. Doc. 24.

[2] Rec. Doc. 19.

[3] Fed. R. Civ. P. 60(b).

1

"Motions under Rule 60(b) are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion."[4]

Rule 60(b) has been used to reopen a judgment in a habeas corpus proceeding. However, in the habeas context a court must evaluate the motion carefully to determine whether it actually is a successive habeas corpus application governed by the special procedures of 28 U.S.C. § 2244 rather than a Rule 60(b) motion. As explained by the Supreme Court in *Gonzalez v. Crosby*, the difference lies in the relief the petitioner is seeking.[5] Relief from the federal habeas judgment should be based on arguments relating to the conduct of the federal action and may be appropriate under one of the grounds enumerated in Rule 60(b), whereas relief premised on arguments relating to flaws in the underlying state-law conviction falls under 28 U.S.C. § 2244.[6]

In the instant case, the Court dismissed the habeas petition with prejudice as it was not timely filed. Petitioner's motion can be considered a true Rule 60(b) motion, per the Supreme Court's holding in *Gonzalez v. Crosby*, because it is directed to a procedural ruling that barred consideration of his claim on the merits. However, Petitioner has not established entitlement to relief under Rule 60(b).

Because the Court found that the petition was time-barred under 28 U.S.C. § 2244(d), it did not reach the merits of Petitioner's claims. Petitioner now argues that certain claims should have been addressed on the merits because they show that he was innocent of the crimes to which he pled guilty. Petitioner has not demonstrated that the actual innocence exception applies to overcome the one-year statute of limitations.

---

[4] *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

[5] 545 U.S. 524, 532 (2005).

[6] *Id*. (holding that a Rule 60(b) motion for relief from judgment challenging the district court's dismissal of a habeas petition as time-barred under § 2244(d) did not qualify as a successive petition).

It is unclear that the actual innocence exception applies to guilty pleas.[7] Petitioner knowingly, intelligently, and voluntarily entered a guilty plea.[8] By entering a guilty plea, Petitioner conceded under oath that he in fact committed and was guilty of the crime charged. Even assuming that the actual innocence exception applies to guilty pleas, Petitioner did not make a colorable showing that he is actually innocent in light of "new evidence."[9] The claims raised in the habeas petition do not concern any new evidence. Therefore, Petitioner has not established entitlement to relief from the Court's September 1, 2016 Order and Judgment dismissing his claims as time barred.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Relief From Judgment Pursuant to Rule 60(b)[10] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this  28th  day of March, 2025.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[7] Courts are split on whether a petitioner who has pled guilty may invoke actual innocence to extend the one-year habeas corpus limitations period. *See Pipkin v. Cain*, No. 23-434, 2024 WL 2736162, at *8 (N.D. Miss. May 28, 2024) (collecting cases).

[8] State Rec., Vol. I of II, Guilty Plea Form, November 10, 2010.

[9] Actual innocence is established through demonstrating that, in the light of newly-discovered evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013)..

[10] Rec. Doc. 24.